IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| United States of America, | ) | C/A 2:15-3920-MBS-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Richard H. Edwards, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This action has been filed by the Plaintiff pursuant to 28 U.S.C. § 1345 seeking payment on a defaulted loan. The Defendant has answered the Complaint pro se.

Following expiration of the discovery period set by the Scheduling Order, Plaintiff filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on May 16, 2016. Because the Defendant is proceeding pro se, a Roseboro order was entered by the Court on May 17, 2016, advising Defendant of the importance of a dispositive motion and of the need for him to file an adequate response. Defendant was specifically advised that if he failed to respond adequately, the motion could be granted. Defendant thereafter filed a response in opposition to the motion on June 14, 2016, to which the Plaintiff filed a reply memorandum on June 24, 2016.

Plaintiff's motion is now before the Court for disposition.[1]

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. The Plaintiff has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

1



## Background and Evidence[2]

The evidence provided to the Court shows that on January 10, 1996, Richard H. Edwards borrowed $7,538.91 from Sallie Mae Servicing Corporation as a student loan, with the amount of $7,531.52 being disbursed on February 28, 1996. See Plaintiff's Exhibits A and B. This loan was guaranteed by United Student Aid Funds, Inc., and then reinsured by the United States Department of Education. See Plaintiff's Exhibit B. The loan accrues interest at ten (10%) percent per annum. See Plaintiff's Exhibit A.

The exhibits provided to the Court reflect that Edwards defaulted on the Note on October 15, 1998, resulting in the guarantee agency having to pay a claim in the amount of $7,700.61 to Sallie Mae Servicing Corporation, the holder of the Note. The guarantor (United Student Aid Funds, Inc.) was then reimbursed by the Department of Education under its reinsurance agreement. As the guarantor's attempt to collect this debt from Edwards was unsuccessful, the guarantor assigned its right and title to the loan to the United States Department of Education on November 2, 2004. See Plaintiff's Exhibit B. According to the Certificate of Indebtedness (Plaintiff's Exhibit B), after offset of any credits to the outstanding balance, Edwards owed the United States as of May 1, 2014 the total amount of $17,921.38, with interest accruing thereafter per day at the rate of $2.11. See Plaintiff's Exhibit B. This lawsuit was filed on September 23, 2015, and as of May 16, 2016 Edwards is indebted to the United States (including accrued interest and costs) in the total amount of $19,562.86. See Plaintiff's Exhibit C.

---

[2]The facts and evidence are considered and discussed in this Report and Recommendation in the light most favorable to the Defendant, the party opposing summary judgment. Pittman v. Nelms, 87 F.3d 116, 118 (4th Cir. 1996).



In his pro se Answer filed with the Court on October 14, 2015, the Defendant states that he "never received any loan funds" and that it is his "understanding the funds were transferred to the school". In his response to the Plaintiff's motion for summary judgment, Defendant states that he "never received any loans or school funds in cash or checks. Never attended any school or signed for any of their materials". Defendant further states that "they (presumably referring to the school or college) received the[s]e funds and used the[s]e funds". Neither of these filings have been submitted under oath.

## Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991). Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing there is a genuine issue for trial. Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). Further, while the Federal Court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts sufficient to set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).



Here, after careful review and consideration of the arguments and evidence submitted in this case, the undersigned finds and concludes that the Plaintiff is entitled to summary judgment in this case.

For a student loan default, a prima facie case may be established by proving these three elements: 1) the defendant signed a promissory note for a student loan; 2) the government owns the promissory note signed by the defendant; and 3) the promissory note has not been repaid or discharged. United States v. Hennigan, No. 13-1609, 2015 WL 2084729 at * 4 (D.Fla. Apr. 30, 2015); see also Pennsylvania Higher Educ. Assistance Agency v. Hoh, No. 14-748, 2016 WL 815287 at * 5 (S.D.W.Va. Feb. 29, 2016). If Plaintiff meets this burden, the burden then shifts to the defendant to prove "the nonexistence, extinguishment, or variance in payment of an obligation." Pennsylvania Higher Educ. Assistance Agency, 2016 WL 815287 at * 5 (internal quotations omitted). Here, the documentary evidence before this Court clearly shows that Richard H. Edwards obtained a student loan from the Sallie Mae Servicing Corporation in the disbursed amount of $7,531.52. Defendant has provided no evidence to show that he is not the Richard H. Edwards who signed the loan documents. See Plaintiff's Exhibit A.[3] The documentary evidence further shows that the Defendant has defaulted on that loan, which has now been assigned to the Department of Education, an agency of the United States of America (Plaintiff), and that as of May 16, 2016 the total due and owing on this loan, including accrued interest and costs, is $19,562.86. Therefore, the Plaintiff has established its prima facie case.

Once the Plaintiff establishes a prima facie case of student loan default, the burden

---

[3]Plaintiff further argues this issue in its reply memorandum, but did not submit any additional evidence. Gans v. Gray, 612 F.Supp. 608, 619 (E.D.Pa. 1985) [mere statements made in briefs are not evidence for the purpose of supporting or opposing a motion for summary judgment].



shifts to the Defendant to produce evidence which proves the nonexistence, payment, extinguishment or variance in payment of the obligation. see generally United States v. Lawrence, 276 F.3d 193, 197 (5th Cir. 2001)["Because the [plaintiff] produced sufficient evidence to satisfy its summary judgment burden, the burden shifted to [the defendant] to 'set forth specific facts showing that there is a genuine issue for trial,' not just to 'rest upon the mere allegations or denials of the adverse party's pleading.'" (quoting Resolution Trust Corp. v. Camp, 965 F.2d 25, 29 (5th Cir. 1992))).]. The Defendant's defense appears to be that he never personally received this money; that it was instead disbursed to a school or college even though he "never attended any school or signed for any of their materials." However, even assuming these representations to be true for purposes of summary judgment (even though they have not been submitted in proper form for consideration as evidence[4]), that is not a defense to Plaintiff's claim. Defendant has provided no evidence to dispute that he borrowed this money, that the money was disbursed, that the government is the owner of the promissory note, that he is in default on his payments thereon, and that the outstanding balance (including accrued interest and costs) as of May 16, 2016 is $19,562.86. Therefore, Plaintiff is entitled to judgment in this case. Cf. United States v. Gray, No. 11-2988, 2012 WL 1657112 at * 5 (N.D.Ca. May 10, 2012).

## **Conclusion**

Based on the foregoing, it is recommended that the Plaintiff's motion for summary judgment be **granted,** and that Plaintiff be awarded judgment against the Defendant in the amount

---

[4]See Estrella v. Bryant, 682 F.2d 814, 819 (9th Cir. 1982) [legal memoranda and oral argument are not evidence and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment].

5



of Nineteen Thousand Five Hundred Sixty Two and 86/100 ($19,562.86). Plaintiff is to also provide an affidavit to the Court in response to this Report and Recommendation detailing any attorney's fees[5] as well as any post-judgment interest it may be seeking.

        The parties are referred to the Notice Page attached hereto.

                                                        Bristow Marchant
                                                        United States Magistrate Judge

July 12, 2016
Charleston, South Carolina

---

[5]Plaintiff represents in its filings that the Promissory Note provides for the payment of collection costs including reasonable attorney's fees. However, the undersigned is unable to find or read this obligation on the exhibit provided. See Plaintiff's Exhibit A. See also Hennigan, 2015 WL 2084729 at * 11.



6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

