IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| United States of America, | ) | C/A No.: 2:15-cv-3920-MBS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Richard H. Edwards, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On January 10, 1996, Defendant, Richard H. Edwards took out a student loan with Sallie Mae Servicing Corporation, borrowing $7,531.52 that was disbursed on February 28, 1996. *See* ECF No. 20-2 and ECF. No. 20-3. The loan was secured by a promissory note, accrued an interest at ten (10) percent per year, was guaranteed by United Student Aid Funds, Inc., and reinsured by the United States Department of Education. *Id*. Evidence shows that Defendant defaulted on the note on October 15, 1998. ECF No. 20-3. As a result, the United Student Aid Funds, Inc. paid a claim to Sallie Mae Servicing Corporation, the holder of the note, in the amount of $7,700.61. *Id*. The United States Department of Education then reimbursed United Student Aid Funds, Inc., the guarantor, under its reinsurance agreement. United Student Aid Funds, Inc. assigned its right and title to the loan to the United States Department of Education on November 2, 2004, after unsuccessful attempts to collect the debt from Defendant. *Id*.

Defendant owed Plaintiff, as of May 1, 2014, the total amount of $17,921.38, with interest accruing thereafter per day at the rate of $2.11. ECF No. 20-3. The underlying action was

filed on September 23, 2015 by the United States, with jurisdiction provided by 28. U.S.C. § 1345[1]. ECF No. 1 at 1.

Defendant filed a *pro se* answer to Plaintiff's Complaint on October 14, 2015, asserting that he never received the loaned funds and that he believed the money "had been transferred to the school because of veteran disability." ECF No. 5. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 D.S.C., the matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling.

On May 16, 2016, Plaintiff filed a motion for summary judgment, contending that Defendant never contested that the funds were dispersed on his behalf. ECF No. 20-1 at 2. As of that date, Defendant was indebted to the United States in the total amount of $19,562.86. Further, Plaintiff asserts it "served requests to admit on Defendant pursuant to Federal Rules of Civil Procedure 36, requiring that Defendant admit that the Promissory Note and Certificate of Indebtedness were genuine, thus admissible." *Id*. According to Plaintiff, Defendant did not respond to said request, such that the requests were deemed admitted. Fed. R. Civ. P. 36(a)(3).

On May 17, 2016, the Magistrate Judge filed a Roseboro Order directing the clerk to forward summary judgment explanation to the opposing party within 34 days. ECF No. 21. Defendant filed an "answer" to Plaintiff's motion for summary judgment on June 12, 2016. Defendant maintains that he did not receive the funds disbursed by Salle Mae Servicing Corporation, and that he did not attend school or sign "for any of their materials." ECF No. 23 at 1. On June 24, 2016, Plaintiff filed a reply to Defendant's response, stating: "To the extent

---

[1] The United States Department of Education is an agency of the United States of America. Therefore, "except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress." 28 U.S.C. § 1345.

Defendant denies that he is the Richard H. Edwards who signed the loan documents, the evidence refutes this." ECF No. 24 at 1. To support this statement, Plaintiff points out that the address listed on the certificate of indebtedness is the same address at which Defendant was served with the complaint. *Id*. Further, Plaintiff contends, the certificate shows the last four digits of Defendant's correct social security number and birthdate. *Id*.

On July 12, 2016, Magistrate Judge Bristow Marchant issued a report and recommendation advising that Plaintiff's motion for summary judgment be granted and Plaintiff awarded judgment against Defendant in the amount of $19,562.86. ECF No. 26 at 6. Judge Marchant directed Plaintiff to provide an affidavit in response to the report and recommendation detailing any attorney's fees as well as any post-judgment interest it may be seeking. *Id*. At this time, no affidavit has been filed. Defendant filed objections to the report and recommendation on July 20, 2016 to which Plaintiff filed no response.

## II.     LEGAL STANDARDS

### A.  District Court Review of Magistrate Judge's Report and Recommendation

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court reviews *de novo* only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Diamond v. Colonia Life & Acc. Ins. Co*., 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Opriano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept,

reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### B. Summary Judgment

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248-49 (1986). A genuine question of material fact exists where, after reviewing the record as a whole, the court finds that a reasonable jury could return a verdict for the nonmoving party. *Newport News Holdings Corp. v. Virtual City Vision*, 650 F.3d 423, 434 (4th Cir. 2011).

Any inference drawn from the facts should be viewed in the light most favorable to the non-moving party. *United States v. Diebold*, *Inc.*, 369 U.S. 654, 655 (1962). The party seeking summary judgment bears the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S 317-23 (1986). Once the moving party makes this showing, the opposing party must set forth specific facts showing there is a genuine issue of fact.

### III.    DISCUSSION

To recover on a promissory note, "the government must show (1) the defendant signed it, (2) the government is the present owner or holder, and (3) the note is in default." *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001). "[T]he government may introduce evidence of the note and a sworn transcript of the account or certificate of indebtedness." *United States v. Petroff-Kline*, 557 F.3d 285, 290 (6th Cir. 2009). "Once such a prima facie case is established, defendant has the burden of proving the nonexistence, extinguishment or variance in payment of

4

the obligation." *Id*. A Defendant cannot "rest upon the mere allegations or denials of the adverse party's pleading." *Lawrence*, 276 F.3d at 198.

As Judge Marchant properly noted, the evidence before the Court shows that Defendant took out a loan with Sallie Mae Servicing Corporation in the dispersed amount of $7,531.52. ECF No. 20-2 at 1. Further, Plaintiff provided a certificate of indebtedness and an affidavit in support of Plaintiff's calculation of damages that indicates the amount Defendant still owes Plaintiff on the defaulted loan. ECF Nos. 20-3 and 20-4. Defendant argues that he did not obtain a loan or attend school; however, Defendant's burden of proof requires that he do more than just deny the allegations. In order to prevail, Defendant would need to provide evidence of nonexistence, payment, or discharge of the debt. Here, Defendant produced no such evidence. As a result, Plaintiff is entitled to summary judgment.

## IV.     CONCLUSION

For the foregoing reasons and any additional reasons set forth in the Magistrate Judge's report and recommendation, Plaintiff's motion for summary judgment is **GRANTED**. Plaintiff will be awarded judgment against the Defendant in the amount of $19,562.86, plus interest at the current rate. It appears that Plaintiff has abandoned any claim for attorney's fees and costs.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Charleston, South Carolina
February 8, 2017

5